KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REGENA HOMES, LLC, a Nevada limited liability company, YOEL INY; NOAM SCHWARTZ; YOEL INY, Trustee of the Y&T INY FAMILY TRUST dated June 8, 1994; NOAM SCHWARTZ, Trustee of the NOAM SCHWARTZ TRUST dated August 19, 1999; D.M.S.I., L.L.C., a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2-12-cv-00451-JAD-GWF<br><br>**CONSENT PROTECTIVE ORDER** |

WHEREAS, this matter having been brought before the Court by Defendants by way of a subpoena served upon the Federal Deposit Insurance Corporation, as receiver for Colonial Bank, N.A. ("FDIC-R");

WHEREAS, the FDIC-R will be producing documents (the "FDIC-R Documents") in response to said request;

WHEREAS, in order to expedite the flow of discovery material from FDIC-R, the FDIC-R has authorized disclosure, in part, of non-redacted copies of responsive documents, which may include documents containing confidential material such as, but not limited to, social security numbers, account numbers, and birth dates, and may also include documents which may be privileged or exempt from production on the condition that such disclosure is made strictly under the terms and conditions of this consent protective order ("Consent Protective Order");

WHEREAS, all parties agree that it is advisable and proper to limit further dissemination of the documents produced by the FDIC-R, upon the terms and conditions set forth in this Consent Protective Order; and

WHEREAS, the Court having found that good cause exists;

1531475 (8237-10)                    Page 1 of 5

1  IT IS on this  13  day of November, 2013,

2  ORDERED:

3  1. **Recitals.** The Recitals above are true, correct, accurate, and incorporated herein by this reference.

4  2. **FDIC-R Documents Confidential.** All the documents produced by the FDIC-R shall be deemed to be confidential documents by all parties to this proceeding upon their production. The parties, including their counsel and counsel's personnel, may use the FDIC-R Documents only for purposes of this litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if such non-parties agree to be bound by the terms of this Consent Protective Order. Should any party disagree with the confidential designation of any document, he or she shall give written notice of his or her disagreement to the FDIC-R, identifying the documents that the party contends are not properly designated as confidential. Should the FDIC-R continue to believe such documents to be properly designated as confidential, it shall have ten (10) days from receipt of the party's notice to file a petition for a protective order with the Court demonstrating that there is good cause to designate the documents at issue as confidential. If a timely petition for a protective order is filed, the documents at issue will be treated as confidential until a final, non-appealable order has been entered or until the time to appeal an order has expired. If no petition for a protective order is filed, the documents at issue will not be treated as confidential. If the parties accept the designation, or contest the designation but this Court concludes that the documents should be treated as confidential, the parties shall not file these documents with, or submit them to the Court, or reproduce their content in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

3. **Litigation.** Prior to use by any party of any of the FDIC-R Documents produced pursuant to the request at trial, as an exhibit to any document, or in any other manner which would allow such documents to be viewed by any person who is not a party to this Consent Protective Order, such party shall first remove from any such document any and all personally

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  identifiable information such that the disclosure will conform to the laws, rules, and regulations
2  applicable to FDIC's disclosure of such documents. Such party shall provide written notice to
3  FDIC-R of such. FDIC-R's production of the FDIC-R Documents pursuant to this Consent
4  Protective Order shall not in any way act as a waiver of any discovery or evidentiary objections
5  available to the FDIC-R.

6  4.  **Filing of Documents.** The Clerk shall accept for filing under seal any document
7  or filing marked by the parties as CONFIDENTIAL pursuant to the above paragraphs.

8  5.  **Return of FDIC-R Documents.** The disclosure of any document which is or
9  may be subject to a legitimate claim that the document could have been withheld from disclosure
10 as privileged material shall NOT waive any privilege or other applicable protective doctrine for
11 that document or for the subject matter of the document. Except in the event that a party
12 disputes the claim, upon written request, any documents which contain privileged material shall
13 be promptly returned to FDIC-R or destroyed at FDIC-R's option. This includes all copies,
14 electronic or otherwise, of any such documents. In the event that FDIC-R requests destruction,
15 such party shall provide written certification of compliance within thirty (30) days of such
16 written request. In the event that a party disputes FDIC-R's claim as to the protected nature of
17 the disclosed material, a single set of copies may be sequestered and retained by and under the
18 control of the party for the sole purpose of seeking court determination of the issue pursuant to
19 Federal Rule of Civil Procedure 26(b)(5)(B).

20 6.  **Modification Permitted.** In the event a party seeks a modification that may
21 affect the FDIC-R's rights and privileges under this Consent Protective Order it must: (a) notify
22 the FDIC-R in writing, through its undersigned counsel of the proposed modification; and (b)
23 obtain the FDIC-R's written approval to such proposed modification to this Consent Protective
24 Order.

25 7.  **No Ruling on Discoverability nor Admissibility.** This Consent Protective Order
26 does not constitute a ruling on the question of whether any particular material is properly
27 discoverable or admissible and does not constitute any ruling on any potential objection to the
28 discoverability of any material.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

8. **Requests by Third Parties.** If any person or entity who or which is not a party to this Consent Protective Order demands production by a party of any FDIC-R Document (including, but not limited to, any demand by subpoena or other judicial process), they shall notify the FDIC-R of such demand not less than 20 days prior to any production or deadline to respond. At its option, the FDIC-R may elect to challenge the demand and assert any applicable protections. The FDIC-R shall notify such party and any issuing court or tribunal of its challenge within such 20 day period, or such greater time as may be required by law, the subpoena, or other judicial process. The burden of proving that an FDIC-R Document is entitled to protection from disclosure shall lie with the FDIC-R. When such a challenge is made, no party shall produce any FDIC-R Document in the absence of written consent by the FDIC-R or an order by the issuing court or tribunal compelling production. In the event that any such production is made, all personally identifiable information shall be redacted in accordance with Paragraph 3. Except as provided for herein, disclosure to third parties for purposes other than preparing for discovery, motion, trial, or appeal in this action is NOT AUTHORIZED and is contrary to the terms set forth herein. Furthermore, the Court may impose sanctions on any individual(s) granted access to the documents who uses them for any purpose not authorized herein or otherwise violates this Consent Protective Order.

9. **Reservation of Rights.** Nothing in this Consent Protective Order shall be deemed to constitute a waiver of the FDIC-R's right to assert any privilege concerning the documents being produced. Specifically, the FDIC-R does not waive any statutory privilege, attorney-client privilege, work-product privilege, bank examination privilege, deliberative process privilege, claim of confidentiality, or that the information contained in the documents is not relevant or otherwise inadmissible at trial. The FDIC-R specifically reserves the right to make application(s) to the Court to amend this Consent Protective Order at any time prior to the time of trial.

10. **Return or Destruction of Confidential Material.** Within ninety (90) days of the final conclusion of this litigation or related litigation, the parties shall return the FDIC-R Documents and all copies, as well as all notes, memoranda, summaries, or other documents

1  containing information from the FDIC-R Documents to the FDIC-R or shall destroy them and
2  certify in writing to the FDIC-R that the documents have been destroyed.

3      11.    **Binding Agreement.** The signatories hereto agree that this Consent Protective
4  Order is a contractual agreement and is binding upon each signatory regardless of whether it is
5  signed and entered by the Court. The FDIC-R is the intended third-party beneficiary to this
6  contract and the remedies available to it for any breach of the agreements made herein include,
7  without limitation, specific performance.

8      **IT IS SO ORDERED.**

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

Consent as to Form and Substance.

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

By: _____
Jeremy J. Nork, Esq.
Brian Anderson, Esq.
Attorneys for Plaintiff

**FEDERAL DEPOSIT INSURANCE CORPORATION**, as Receiver for Colonial Bank, N.A.

By: _____
Leonard Saphire-Bernstein
Senior Attorney

**KOLESAR & LEATHAM**
400 S. Rampart Boulevard, Suite 400
Las Vegas, NV 89145

By: _____
Janet L. Rosales, Esq.
Attorneys for Defendants