# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>REGENA HOMES, LLC, a Nevada limited liability company; YOEL INY, an individual; NOAM SCHWARTZ, an individual; YOEL INY, Trustee of the Y & T INY FAMILY TRUST dated June 8, 1994, as amended; NOAM SCHWARTZ, Trustee of the NOAM SCHWARTZ TRUST dated August 19, 1999; D.M.S.I., LLC, a Nevada limited liability company; GREAT AMERICAN CAPITAL, a Nevada corporation; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO. 2:12-cv-00451-APG-GWF<br><br>**FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND JUDGMENT** |

Plaintiff seeks a deficiency judgment against defendants arising from a commercial loan. On July 23, 2014, my predecessor on this case, Judge Jones, entered partial summary judgment in favor of Plaintiff and against Defendants as to Defendants' liability for breach of contract ("Summary Judgment Order"). (Dkt. #110.) As a result of the Summary Judgment Order, the issue that remained was the amount of any deficiency Defendants owed to Plaintiff under Nevada Revised Statute §40.451, *et. seq.*

On April 9, 2015, Plaintiff and Defendants stipulated that on February 29, 2012 the subject property (identified as Clark County Assessor Parcel Number 124-27-504-001) ("Property") was sold at a non-judicial trustee's sale for a credit bid in the amount of $240,000.00. (Dkt. #153.) On April 13, 2015, a jury trial was held to determine the amount of indebtedness owed on the subject note on the date of the trustee's sale. The jury returned a verdict that the amount was $2,069,845.78. (Dkt. #162.) On May 12, 2015, I conducted a bench trial to determine the Property's fair market value as of February 29, 2012. At the bench trial, the parties stipulated that the fair market value on that date was $498,000.00. (Dkt. #169.)

Based on the Summary Judgment Order, the jury verdict, the stipulations of the parties,

and the arguments and papers filed in this case, I make the following findings of facts and conclusions of law:

I.

**FINDINGS OF FACT**

1. The facts set forth in the Summary Judgment Order are incorporated herein as if fully set forth.

2. According to the jury verdict, the amount of indebtedness owed by the Defendants on the subject note on the date of the February 29, 2012 trustee's sale was $2,069,845.78.

3. The Property was sold at a non-judicial trustee's sale on February 29, 2012 to Plaintiff for a credit bid in the amount of $240,000.00.

4. Pursuant to the parties' stipulation, the fair market value of the Property on the date of February 29, 2012 trustee's sale was $498,000.00.

5. After providing Defendants credit for the fair market value of the Property on the date of the trustee's sale ($498,000.00), the deficiency amount owed by Defendants to Plaintiff as of February 29, 2012 was $1,571,845.78.

6. Pursuant to the loan documents, the default interest rate is five percent over the applicable interest rate, which is an annual rate equal to two and one quarter percent plus the one-month LIBOR rate quoted by Telerate Page 3750 or any successor thereto, which shall be the one-month LIBOR rate in effect and reset each New York banking day, with interest computed on the basis of a 360-day year and actual days elapsed.

7. Without including the LIBOR rate in effect and reset each day, a default interest rate of 7.25% calculated on the basis of a 360-day year and actual days elapsed results in a per diem interest amount of $316.55.

8. From February 29, 2012 until May 12, 2015, the accrued interest on the debt was $370,049.61.

## II.

## CONCLUSIONS OF LAW

1. A secured lender has no duty to immediately foreclose on its security interest. *See, e.g., Clay v. F.D.I.C.*, 934 F.2d 69, 71 (5th Cir. 1991) (holding that defendants did not act in bad faith and were not dishonest because the value of the real property diminished prior to defendant foreclosing on the property); *F.D.I.C v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) (stating that a foreclosing party does not have a common law duty to foreclose on a real property lien expeditiously).

2. Prior to the award of a deficiency judgment, NRS §40.455 requires that a hearing be conducted under NRS §40.457.

3. Pursuant to NRS §40.459, after a hearing is held pursuant to NRS §40.457, "the court shall award a money judgment against the debtor, guarantor or surety who is personally liable for the debt. The court shall not render judgment for more than: (a) The amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale; (b) The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, with interest from the date of sale…whichever is the lesser amount."

## III.

## ORDER AND JUDGMENT

Based on the foregoing, the verdict of the jury, and previous orders of the Court:

**IT IS HEREBY ORDERED** that the fair market value of the Property on the date of the trustee's sale was $498,000.00, which was higher than the trustee's sale price.

**IT IS FURTHER ORDERED** that, taking the amount of indebtedness on the date of the trustee's sale ($2,069,845.78) and providing Defendants credit for the fair market value of the Property on the date of the trustee's sale ($498,000.00), the amount of the deficiency owed by Defendants to Plaintiff on February 29, 2012 was $1,571,845.78. That amount accrued interest at the subject note's default interest rate.

**IT IS FURTHER ORDERED** that as of May 12, 2015, the deficiency amount was $1,941,895.39, comprised of principal in the amount of $1,571,845.78 and accrued interest in the amount of $370,049.61. That deficiency amount accrued interest at the per diem rate of $316.55 until the entry of judgment.

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of plaintiff Branch Banking and Trust Company and against defendants Regena Homes, LLC, Yoel Iny, Noam Schwartz, Y&T Iny Family Trust dated June 8, 1994, as amended, Noam Schwartz Trust dated August 19, 1999, D.M.S.I, LLC, and Great American Capital, Inc., jointly and severally, in the amount of $1,975,766.24. That amount is comprised of the deficiency amount of $1,941,895.39 plus interest of $33,870.85 for the period May 12, 2015 to August 27, 2015.

**IT IS FURTHER ORDERED** that the judgment shall accrue interest at the legal rate from the date of entry of judgment until the judgment is paid in full.

**IT IS FURTHER ORDERED** that plaintiff Branch Banking and Trust Company is entitled to reasonable attorneys' fees and costs in amounts to be determined by the court. If Branch Banking and Trust Company seeks to recover those fees and costs, it shall file a motion with appropriate documentation within 14 days of entry of this Judgment.

_____
Andrew P. Gordon
United States District Judge

DATED: August 27, 2015.