**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>REGENA HOMES, LLC, *et al.*,<br><br>            Defendants. | Case No. 2:12-cv-00451-APG-GWF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND NONTAXABLE COSTS**<br><br>ECF No. 180 |

Plaintiff Branch Banking and Trust Company has moved for an award of its attorney's fees and nontaxable costs incurred in connection with this matter.  BB&T brought this action in March 2012, alleging that the defendants had failed to repay a loan.  It sought judgment for the unpaid principal due on the loan, plus fees, costs, and interest. ECF No. 1.  On July 23, 2014, my predecessor on this case, Judge Jones, granted summary judgment in BB&T's favor on the defendants' liability for their respective breaches of the loan's promissory note (the "Promissory Note") and commercial guaranty (the "Commercial Guaranty"). ECF No. 110.  Following a trial to determine damages, a judgment was subsequently entered in favor of BB&T and against the defendants, jointly and severally, in the amount of $1,975,766.24. ECF No. 178.  BB&T now seeks attorney's fees in the amount of $217,159.26 and nontaxable costs and expenses in the amount of $11,022.22.

The defendants oppose the motion, arguing that BB&T has failed to comply with Local Rule 54-16 and therefore the motion should be denied in its entirety.  They also contend that BB&T's fee request is unreasonable for various reasons.  They argue that BB&T's request for nontaxable costs should also be denied because the loan documents do not permit recovery of such costs.

## I.    LEGAL STANDARD

"If state substantive law governs a case, then an award of attorney fees is also governed by state law." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013).  Federal courts

in diversity cases follow the law of the state in which the district court sits, including with respect to issues of conflict of laws. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  "Nevada tends to follow the Restatement (Second) of Conflict of Laws (1971) in determining choice-of law questions involving contracts." *Progressive Gulf Ins. Co. v. Faehnrich*, 752 F.3d 746, 750 (9th Cir. 2014) (citation omitted).  "The law of the state chosen by the parties to govern their contractual rights and duties will be applied." Restatement (Second) of Conflict of Laws § 187(1) (1971).  Regarding the right to attorney's fees, Nevada law "ha[s] consistently held that attorney's fees are only available when authorized by a rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994) (citations and quotation omitted).

The reasonableness of an attorney's fee award is also determined by state law when a federal court is sitting in diversity. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)).  One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quoting *Herbst v. Humana Health Ins. of Nev.*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014).  In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

In determining the reasonableness of a fee request, I am guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) ("[i]n determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the factors set forth in *Brunzell*" (quotation and citation omitted)).  I also am guided by the factors set forth in Local Rule 54-16(b). *See Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1166 (D. Nev. 1998).  That rule provides that the motion must include the following:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;
> (3) A brief summary of:
>> (A) The results obtained and the amount involved;
>> (B) The time and labor required;
>> (C) The novelty and difficulty of the questions involved;
>> (D) The skill requisite to perform the legal service properly;
>> (E) The preclusion of other employment by the attorney due to acceptance of the case;
>> (F) The customary fee;
>> (G) Whether the fee is fixed or contingent;
>> (H) The time limitations imposed by the client or the circumstances;
>> (I) The experience, reputation, and ability of the attorney(s);
>> (J) The undesirability of the case, if any;
>> (K) The nature and length of the professional relationship with the client;
>> (L) Awards in similar cases; and,
> (4) Such other information as the Court may direct.

LR 54-16(b).

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).  A motion for attorney's fees and related nontaxable costs must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i).  The motion must state the amount sought or provide a fair estimate. Fed. R. Civ. P. 54(d)(2)(B)(iii).   The motion must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion and to confirm that the bill has been

reviewed and edited and that the fees and costs charged are reasonable. LR 54-16(c). "Failure to provide the information required by LR 54–16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion." LR 54-16(d). The Local Rules also permit an award of attorney's fees to include costs and expenses that are not otherwise taxable pursuant to Rule 54(d)(2) (*i.e.,* nontaxable costs). *See* LR 54-16(b)(2).

## II.    ANALYSIS

### A.  Attorney's Fees

BB&T requests an attorney's fee award of $217,159.26. In support, it attaches the affidavit of Jeremy J. Nork, Esq., lead counsel for BB&T, and a table detailing the requested attorney's fees. BB&T argues that the Promissory Note and Commercial Guaranty authorize such an award. The Promissory Note is governed by Nevada law and, with respect to attorney's fees and costs, states:

> In the event that suit be brought hereon, or any attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, whether or not any suit, proceeding or any judicial or non-judicial foreclosure proceeding be commenced, Borrower promises to pay all such expenses and reasonable attorney's fees, including, without limitation, any attorneys' fees incurred in any bankruptcy proceeding.

ECF No. 78-1 at 10. The Commercial Guaranty is also governed by Nevada law and contains similar language. *See* ECF No. 78-1 at 43-44, 46. The parties do not dispute that the provisions in the Promissory Note and Commercial Guaranty entitle BB&T to some amount of attorney's fees related to this litigation. Because Nevada law states that attorney's fees are available when authorized by a contract, BB&T is entitled to attorney's fees and costs based on the Promissory Note and Commercial Guaranty.

It appears that BB&T's proposed attorney's fee award was calculated by multiplying the number of hours spent on the case by the hourly rate of each associate or employee. This is the basic formation of the lodestar method and is presumed reasonable unless the factors listed in *Brunzell* or Local Rule 54-16 dictate a different result.

*i.   Failure to Comply with Local Rule 54-16*

The defendants argue that BB&T has failed to comply with Local Rule 54-16(b)(3) because it has failed to address each of the twelve factors individually and in depth, which has resulted in prejudice to the defendants' ability to oppose the fees requested.  They argue that failure to comply with Local Rule 54-16 is sufficient grounds to deny a motion for attorney's fees in its entirety.  BB&T replies that there is no set form to satisfying the twelve factors and that Local Rule 54-16(b)(3) only requires a "brief summary" of each.  BB&T argues that it has sufficiently addressed each of the twelve factors and that where its summaries are short, it is because the factor in question does not apply or does not warrant a longer summary.

There is no set form to satisfying the factors listed in Local Rule 54-16.  Depending on the facts of a particular case, some factors may require more detailed analysis while others may be satisfied in a single sentence.[1]  BB&T's motion analyzes the *Brunzell* factors, noting in footnotes when the facts outlined in the motion address the factors listed in Local Rule 54-16(b)(3).  The motion sufficiently addresses all but one of the twelve factors listed in Local Rule 54-16.  Nevertheless, the one factor left unaddressed does not change the analysis of BB&T's proposed fee award.[2]  While the defendants argue that BB&T's alleged noncompliance with Local Rule 54-16 demonstrates that its requested attorney's fee award and associated billing rates are "high, void

---

[1] For example, Local Rule 54-16(b)(3)(G) requires a party to state whether the attorney's fees are fixed or contingent.

[2] BB&T's motion does not provide examples of awards in similar cases as listed in Local Rule 54-16(b)(3)(L).  In its reply, BB&T states that this a general commercial case and therefore "the awards fall in line with the standards set forth in Local Rule 54-16 and the *Brunzell* factors." ECF No. 190 at 4 n.2.  While this response does not specifically satisfy the requirement of Local Rule 54-16(b)(3)(L), Mr. Nork swears under oath in his affidavit that he has reviewed the fees related to this litigation and states they were reasonable and necessary.  The defendants do not offer any evidence or argument on why this factor is specifically important to this case, nor do they argue that the fee awards in similar cases are different from the one proposed here. Therefore, this deficiency does not change my analysis of the proposed award.

of economies of scale," they cite no evidence to support this argument.  I find that BB&T's motion complies with Local Rule 54-16's requirements.

### ii.   Reasonableness of Attorney's Fees

The defendants argue that the attorney's fees BB&T requests are unreasonable for various reasons.

### 1.   Utilization of Numerous Personnel

The defendants argue that "[o]n its face, utilizing eleven different people for one case is unreasonable." ECF No. 184 at 5.  They cite no case law in support of this argument.  BB&T responds that the lead partner and lead associate on the case have never changed, but that at times it utilized other associates and employees for various assignments to be cost-effective.  It also contends that the litigation has been ongoing for several years and therefore various associates who have worked on the matter needed to be replaced over time if they left the firm or took leave. The use of different associates at various times throughout a case is not *per se* unreasonable and the defendants have given no explanation why BB&T's use of different associates during the course of this case was unreasonable.

### 2.   The Fees are Excessive in Light of the Nature of the Litigation

The defendants next argue that the requested fee award is excessive because the matter only went to trial on damages, and yet Mr. Nork's fees account for 55% of the total attorney's fee request.  They argue that because Mr. Nork is a "trial attorney," and because "the bulk of the Action was resolved on pre-trial motions and partial summary judgment," his fees account for a disproportionate amount of the total award. *Id.*  BB&T responds that Mr. Nork was lead counsel in this matter and that a jury trial took place which required Mr. Nork's experience.

The defendants cite no case law or evidence to support their contention that a trial attorney who is lead counsel on a case should not be involved in a case until trial is set to begin.  Nor do they offer any evidence or case law to support their argument that Mr. Nork's specific billing rates or percentages are unreasonable.

////

1

*3.   Work Not Reasonably Related to the Litigation*

2

The defendants argue that BB&T's requested attorney's fees include items not related to

3

this litigation.  Specifically, they argue that certain work by Stephen Novaceck related to the

4

FDIC was not done for BB&T in this litigation.  They also argue that the same entries exist in the

5

proposed fee awards submitted by BB&T in its motions for attorney's fees in two other matters.

6

BB&T responds that Mr. Novaceck is a real-estate transaction specialist and the work in

7

question related to his drafting of the assignment and various other loan documents related to the

8

loan at issue in this case.  It argues it was done to ensure there was sufficient evidence that BB&T

9

had the right to enforce the loan.  It contends that this work was done for BB&T and is

10

recoverable.  It does not respond to the argument that the exact same entries by Mr. Novaceck

11

were submitted in two other matters.

12

On the same day that BB&T filed this motion for attorney's fees and costs, it also filed

13

nearly identical motions in two other matters before me. *See Branch Banking and Tr. Co. v.*

14

*D.M.S.I., LLC*, No. 2:11-cv-01778-APG-VCF, ECF No. 141 (Sept. 10, 2015) and *Branch*

15

*Banking and Tr. Co. v. Smoke Ranch Dev., LLC*, No. 2:12-cv-00453-APG-NJK, ECF No. 183

16

(Sept. 10, 2015).  The tables of fees submitted in those two cases also included the exact same

17

four billing entries of Mr. Novaceck. *See D.M.S.I., LLC*, No. 2:11-cv-01778-APG-VCF, ECF No.

18

141-1 at 9; *Smoke Ranch Dev., LLC*, No. 2:12-cv-00453-APG-NJK, ECF No. 183-1 at 9.

19

Because it is impossible to determine to which matter these entries rightly belong—and against

20

which defendant they should be awarded—I deny BB&T's motion as it relates to these fees,

21

totaling $640.00.

22

*4.   Work Not Sufficiently Described, or Repetitive, or Block Billed*

23

The defendants argue that several entries in the fee table are not sufficiently described and

24

are block-billed, specifically, work by various paralegals.  For example, they highlight various

25

entries by paralegal Brenda Toriyama that relate to deposition summaries and entries by paralegal

26

Ebony Hardy related to discovery responses.  BB&T responds that all of the work performed was

27

sufficiently and accurately described and is reasonable.

28

Page 7 of 11

Upon review of the entries highlighted by the defendants, the vast majority sufficiently detail the character of the work done and are presumptively reasonable. "[B]lock-billed time entries are generally amenable to consideration under the *Brunzell* factors." *In re Margaret Mary Adams 2006 Trust*, No. 61710, 2015 WL 1423378, at *2 (Nev. Mar. 26, 2015) (citing *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014)); *see also Fischer v. SJP-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (block billing is not inappropriate *per se* when the party seeking fees meets the basic requirements of "listing his hours and identifying the general subject matter of his time expenditures" (internal quotations omitted)); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (noting that although the fee applicant bears the burden of submitting "evidence supporting the hours worked and rates claimed," an applicant is "not required to record in great detail how each minute of his time was expended").

Regarding the work of Ms. Toriyama, she spent a total of 65.3 hours working on seven different deposition summaries, averaging approximately nine hours per deposition. The summaries were prepared for trial and were done by a paralegal with a lower billable rate. The fees were not unnecessary or unreasonably excessive. Ms. Hardy's entries regarding discovery responses are also reasonable. However, there are two entries in July 2014 by Ms. Toriyama for "work on spreadsheet of expenses." BB&T does not address these entries in its reply and they are not sufficiently descriptive for me to determine what the entries relate to and if they are reasonable. Therefore, these fees, totaling $315, will not be awarded.

### 5. *Work Performed on Unsuccessful Motions*

The defendants argue that BB&T is not entitled to fees related to unnecessary and unsuccessful work. They cite to work on an opposition to the defendants' motion to stay, which was granted. Additionally, they contend that the stay was in place from January 31, 2013 to September 3, 2013, yet there are numerous billing entries during that time. BB&T responds that the work during the stay was minimal and mostly related to responses it needed to draft when

1  various extensions of the stay were requested.  It also contends that it was appropriate and

2  reasonable to oppose the defendants' motion to stay.

3        I agree.  The fees related to opposing the stay, and those incurred during the stay, were

4  reasonable.  BB&T reasonably opposed the defendants' motion to stay.  The work that occurred

5  during the stay totaled a little over 20 hours, took place over several months, and most appear

6  related to responding to extensions of the stay.  These fees are reasonable.

7        **B.  Nontaxable Costs**

8        BB&T also requests nontaxable costs in the amount of $11,022.22.  It argues that it is

9  entitled to costs under the loan documents and that both Rule 54(d)(1) and Local Rule 54-1 allow

10 a prevailing party to recover nontaxable costs.  The defendants argue that BB&T fails to identify

11 the contractual language that entitles it to nontaxable costs.  They further argue that the itemized

12 table of costs includes both taxable and nontaxable costs, lacks the appropriate descriptions, and

13 that BB&T has failed to provide backup receipts.

14       Rule 54(d) contains two separate provisions for costs.  To request taxable costs, the

15 prevailing party must file a bill of costs with the clerk. LR 54-1.  Taxable costs are taxed by the

16 clerk rather than the Court. Fed. R. Civ. Proc. 54(d)(1); LR 54-1.  The categories of taxable costs

17 are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1.  For example, filing fees and service of

18 process expenses are taxable costs. *See* 28 U.S.C. § 1920(1).

19       By contrast, nontaxable costs are recoverable on a motion to the court under Rule 54(d)(2)

20 along with attorney's fees. Fed. R. Civ. Proc. 54(d)(2) ("claim for attorney's fees and related

21 nontaxable expenses") & Advisory Comm. Note to 1993 Am. ("This new paragraph establishes a

22 procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.'  It

23 applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable

24 under governing law incident to the award of fees."); *see also* LR 54-16(b)(2) (a motion for

25 attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee

26 award and not otherwise taxable pursuant to LR 54-1 through 54-15").  For example, copy,

27 postage, travel, research, and Pacer expenses are nontaxable costs.

28                      Page 9 of 11

An award of costs involves a two-step inquiry.  I must first determine who is a "prevailing party" under Rule 54, and then I must determine "how much (if any) costs should be awarded to the prevailing party." *Shum v. Intel Corp.*, 629 F .3d 1360, 1366 (Fed. Cir. 2010); *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (noting that district courts have discretion in choosing to award costs under Rule 54(d)).  In the Ninth Circuit, there is a presumption in favor of awarding costs to the prevailing party. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  To overcome this presumption, the losing party must establish a reason to deny costs. *Id.*

The Promissory Note states: "In the event that suit be brought hereon, . . . Borrower promises to pay all such expenses and reasonable attorney's fees." ECF No. 78-1 at 10.  The Commercial Guaranty contains similar language. *See id.* at 43-44.  Additionally, Rule 54 and Local Rule 54-1 allow a prevailing party[3] to recover nontaxable costs.  Therefore, BB&T is entitled to some award of nontaxable costs based on the federal and local rules and the Promissory Note and the Commercial Guaranty.

However, it is unclear from the motion and exhibits what costs BB&T is seeking in its request.  The motion cites Rule 54(d)(1) for its request for nontaxable costs, but that subsection relates to taxable costs.  BB&T provides a table outlining various costs presumably associated with this case, but the table includes both taxable and nontaxable expenses. *See* ECF No. 180-1 at 31-33.  Additionally, the bottom of the table includes a total of $12,959.80 in costs, yet BB&T requests only $11,022.22.  Thus, even if I assume BB&T mistakenly cited to the wrong subsection of Rule 54 in its request for nontaxable costs, it is still unclear how BB&T calculated the $11,022.22 it requests.  It is therefore also impossible to determine if that amount is accurate or if the costs listed are the types covered under Rule 54(d)(2).  I therefore deny BB&T's request for nontaxable costs without prejudice.  BB&T has 14 days from the date of this Order to file a

---

[3] Neither party disputes that BB&T is a prevailing party for purposes of awarding costs.

1   new motion for nontaxable costs consistent with this Order, Federal Rule of Civil Procedure

2   54(d)(2), and Local Rule 54-16(b)(2).[4]

3   **III.      CONCLUSION**

4           IT IS THEREFORE ORDERED that plaintiff Branch Banking and Trust Company's

5   motion for attorney's fees and nontaxable costs **(ECF No. #180) is GRANTED in part and**

6   **DENIED in part**.  It is denied as to the $640 in fees associated with the FDIC assignment, and

7   the $315 in fees associated with the spreadsheets of expenses.  It is also denied without prejudice

8   as to nontaxable costs.  Branch Banking and Trust Company has 14 days from the date of this

9   order to file an updated motion for nontaxable costs.

10          IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of the

11  plaintiffs and against the defendants for attorney's fees in the amount of $216,204.26.

12          DATED this 6th day of September, 2016.

13

14                                                  _____

15                                                  ANDREW P. GORDON
                                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24   _____

25          [4] The defendants also argue that BB&T did not submit receipts for its nontaxable costs,
     yet they cite no case law, statute or local rule which requires this.  Local Rule 54-16(b) requires
26   "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise
     taxable."  If there are specific itemized costs which the defendants wish to dispute because they
27   believe them to be unreasonable, they are free to highlight those specific entries in their
     opposition to any renewed motion for nontaxable costs BB&T may file.

28                                      Page 11 of 11